UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWN LENAHAN and JOSEPH KAPCSOS, | Civil Action No. 02-45 (SRC) |
| Plaintiffs, | OPINION & ORDER |
| v. | |
| SEARS, ROEBUCK & CO., | |
| Defendant. | |

**CHESLER**, District Judge

      This matter comes before the Court on the separate appeals filed by six members or potentially eligible members of the opt-in Class of the Settlement Administrator's determinations regarding their applications to receive a settlement award in a limited re-opening of the claims processing procedure.  By way of background, the settlement of this action received preliminary approval from the Court on November 10, 2005 and final approval on July 24, 2006.  The terms of the settlement required putative class members to file claim and consent to join forms no later than March 16, 2006 to participate in distribution of the settlement.  After the Settlement Administrator mailed out claim checks in or about October 2008, and after Defendant Sears, Roebuck & Co. ("Defendant") announced that it would no longer issue settlement checks to members who had not timely filed a claim, several individuals claimed that they had not received payment despite being eligible to participate in the Class and receive a settlement award.

On Plaintiffs' motion to enforce the settlement of this action, seeking payment for those allegedly eligible class members, the Court issued an Order on August 10, 2009 re-opening the claims process for a limited time and purpose (the "August 10 Order"). Specifically, the August 10 Order permitted any claimant who claimed that he or she either (1) never received notice of the settlement or (2) submitted a claim form that was not received by the Settlement Administrator to submit a detailed affidavit and proof of such contention to the Settlement Administrator in support of his or her request to receive a settlement award. The Court ordered that these applications and supporting documents must be submitted to the Settlement Administrator within 60 days of the August 10 Order. It further provided that the Settlement Administrator's decision on any of these applications would be appealable to this Court within 30 days of notification of the decision. Pursuant to the process created by the August 10, 2009 Order, appeals of the Settlement Administrator's determinations rejecting such affidavits have been filed by six individuals: Edward Hamilton Dutcher III, Steven Fisher, Robert Kain, James Pyne, John Joyner and Michael Nakamoto. Defendant has filed papers in response to these appeals. Each individual's appeal will be addressed in turn.

1. <u>Edward Hamilton Dutcher III</u>

Mr. Dutcher submitted an affidavit to the Settlement Administrator, dated September 1, 2009. The affidavit merely asserts that "somewhere, somehow, you did not receive my letter to be part of the settlement." (11/20/09 Mulherin Aff., Ex. A(2).) It does not, however, supply any detailed information or proof that would establish that he previously submitted a claim to participate in the settlement. In fact, the affidavit states that he destroyed all copies of his paperwork regarding the claim. By letter of October 20, 2009, the Settlement Administrator

notified Mr. Dutcher that his application had been denied for failure to present substantial evidence of claim submission.  On November 6, 2009, Mr. Dutcher submitted to the Settlement Administrator a copy of a "Consent To Join" form, signed and dated February 2, 2006.

The Court finds that the Settlement Administrator properly denied Mr. Dutcher's application.  The October 20, 2009 determination by the Settlement Administrator was based on the affidavit he had submitted within the 60-day application period.  That affidavit did not furnish any information or documentation that would establish that Mr. Dutcher had submitted a claim not received by the Settlement Administrator.  Moreover, the Court cannot conclude that the Settlement Administrator's determination was incorrect or contrary to the evidence before it based on the copy of the Consent To Join form belatedly submitted by Mr. Dutcher.  This document was provided to the Settlement Administrator after its denial was issued and after the expiration of the 60-day period set by the Court for demonstrating eligibility to participate in the settlement.

    2.    <u>Steven Fisher</u>

Mr. Fisher's affidavit to the Settlement Administrator asserts that he mailed his claim form sometime in January 2006.  No proof of that mailing or copy of the claim form purportedly submitted was attached to the affidavit.  Indeed, his accompanying letter explains that he did not keep a copy of the original claim form.  The Court concludes that the Settlement Administrator properly denied Mr. Fisher's application for failure to present substantial evidence that he submitted a claim form that was not received.

3.     Robert Kain

Mr. Kain asserts in his affidavit that he did not receive a claim form. This conclusory statement is, however, insufficient to demonstrate that fact. The Court's August 10 Order expressly provides examples of proof that may be offered in support of an individual's contention that he did not receive notice of the settlement. Mr. Kain does not supply any proof tending to demonstrate non-receipt. Thus, the Settlement Administrator properly denied his application.

4.     James Pyne

Mr. Pyne's affidavit also asserts that he never received a claim form from the Settlement Administrator. In support of his contention of non-receipt, Mr. Pyne explains that in 2004, prior to the settlement, he moved to a new address and terminated his employment with Sears. The "new" address he provides in his application to the Settlement Administrator is, however, the same address the Settlement Administrator had in its records as the notice mailing address for Mr. Pyne. Thus, the Court finds that the Settlement Administrator properly denied Mr. Pyne's application to submit a late claim based on his failure to provide substantial evidence that he did not receive notice of the settlement.

5.     John Joyner

Mr. Joyner's application to the Settlement Administrator was denied for failure to establish that he did not receive notice. The Settlement Administrator's records show that notice was mailed to Mr. Joyner's still-current address. Mr. Joyner provided no proof tending to demonstrate non-receipt. His contention was not supported, and thus the Settlement Administrator properly denied his application.

      6.    <u>Michael Nakamoto</u>

Mr. Nakamoto provided no proof in support of his contention that he did not receive notice. The Settlement Administrator denied his application on this basis. The Court agrees that Mr. Nakamoto's application was not supported by evidence that the address on file in the Settlement Administrator's notice mailing records was incorrect. Thus, the application was properly denied.

* * *

For the foregoing reasons, the Court affirms the Settlement Administrator's determination with regard to each of the applications discussed above. Accordingly,

**IT IS** on this 19th day of February, 2010,

**ORDERED** that the Settlement Administrator's determination with regard to Edward Hamilton Dutcher III be and hereby is **AFFIRMED**; and it is further

**ORDERED** that the Settlement Administrator's determination with regard to Steven Fisher be and hereby is **AFFIRMED**; and it is further

**ORDERED** that the Settlement Administrator's determination with regard to Robert Kain be and hereby is **AFFIRMED**; and it is further

**ORDERED** that the Settlement Administrator's determination with regard to James Pyne be and hereby is **AFFIRMED**; and it is further

**ORDERED** that the Settlement Administrator's determination with regard to John Joyner be and hereby is **AFFIRMED**; and it is further

**ORDERED** that the Settlement Administrator's determination with regard to Michael Nakamoto be and hereby is **AFFIRMED**.


                                                   s/Stanley R. Chesler
                                                 STANLEY R. CHESLER
                                                 United States District Judge